UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Xezakia Rouse,

    Plaintiff,                                           Case No. 1:20-cv-00320

    v.                                                     Judge Michael R. Barrett

Brian Donahue,

    Defendant.

## **ORDER**

This matter is before the Court on the April 29, 2020 Report and Recommendation of the Magistrate Judge (Doc. 4), to which Plaintiff has objected[1] (Doc. 5).

Under 28 U.S.C. § 636(b)(1), determinations by a magistrate judge are subject to review by a district judge. With regard to dispositive matters, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see* 28 U.S.C. § 636(b)(1).

---

[1] Fed. R. Civ. P. 72(b) requires that objections be filed "[w]ithin 14 days after being served with a copy of the recommended disposition." Plaintiff, who is proceeding *pro se*, would have been served by mail under Fed. R. Civ. P. 5(b)(2)(C). Thus his objection, received and docketed by the Clerk of Court on May 14, 2020 is considered timely filed under Fed. R. Civ. P. 6(d).

The Magistrate Judge recommends that Plaintiff's complaint be dismissed with prejudice.[2] She accurately summarizes the allegations underpinning his complaint as follows:

> Plaintiff's pro se complaint alleges that "defendants" and the Napa Police Department made false allegations against plaintiff to the Cincinnati Police Department (CPD), informing CPD that plaintiff would kill Cincinnati police officers if they tried to arrest him. Plaintiff states that CPD investigated the false allegations and did not press any charges against plaintiff. Instead, CPD told plaintiff to report this to the federal government. Plaintiff alleges he has been harassed by the Napa Policy Department for the five years that he has lived in the State of Ohio. As relief, plaintiff asks the Court to "order an investigation of a federal nature into why the Cincinnati PD has had to ensure my safety from the Napa PD and its false allegations against me."

(Doc. 4 at PageID 31). And, based on these allegations, the Magistrate Judge correctly concludes that the relief Plaintiff requests is not relief that can be granted by the Court. She construes his request for relief as "one for a writ of mandamus to compel the investigation of alleged criminal activity." (*Id.*). But the federal district courts "lack the power to compel a federal criminal investigation at the request of a citizen plaintiff." (*Id.* (citing, inter alia, *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001)). The Magistrate Judge notes further that plaintiff has "no statutory or common law right, much less a constitutional right, to an investigation." (*Id.* at PageID 32 (quoting *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007)).

---

[2] The Magistrate Judge further recommends that the Court certify, pursuant to 28 U.S.C. § 1915(a), that an appeal of any order adopting her Report and Recommendation would not be taken in good faith and, therefore, deny Plaintiff leave to appeal *in forma pauperis*. (Doc. 4 at PageID 32).

Although styled as an "objection," in response Plaintiff has filed a motion to amend his complaint "once, as a matter of course, in compliance" with Fed. R. Civ. P. 15. (Doc. 5 at PageID 34). He contends that the original complaint "needs" amending to state "Constitutional Violations of Privacy in violation of the 4th amendment" and "Constitutional Violations of Police Misconduct, Abuse of Process etc… in violation of the 14th amendment to equal protection." (*Id.*). He also contends that the original complaint "needs" amending to state "the continuing injury and any viable legal remedies the court could provide to prevent further injury." (*Id.*).

Fed. R. Civ. P. 15(a) governs amendments of pleadings before trial. A plaintiff may amend his original complaint "once as a matter of course"—in other words, without court-approval—21 days after serving it or 21 days after a defendant serves an answer or a motion filed pursuant to Fed. R. Civ. P. 12(b), (e) or (f). *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a plaintiff may amend his original complaint only with a defendant's consent or the court's leave, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion to amend under Rule 15(a)(2) may be denied, however, where there is "futility of amendment[.]" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 420 (6th 2000) (citation omitted). Other factors a trial court may consider include "undue delay, bad faith or dilatory motive" on the part of a plaintiff, "repeated failure to cure deficiencies by amendments previously allowed," and "undue prejudice" to a defendant. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

As none of the delay, bad faith or prejudice factors are present, the Court will allow Plaintiff to file an amended complaint. Plaintiff is cautioned, though, that his amended complaint will undergo the same *sua sponte* review to determine whether it (or any portion of it) should be dismissed because it is frivolous, malicious, fails to state a claim upon which relieve may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly:

1. The Court **ACCEPTS and ADOPTS** the April 29, 2020 Report and Recommendation of the Magistrate Judge (Doc. 4) to dismiss with prejudice the allegations of the original complaint for failure to state a claim upon which relief may be granted;
2. Plaintiff's motion to amend his original complaint, styled as an objection (Doc. 5) to said Report and Recommendation, is hereby **GRANTED**;
3. Plaintiff's amended complaint shall be filed **within 14 days** after being served with a copy of this Order. This period may be extended further at the Magistrate Judge's discretion on timely motion for an extension.

**IT IS SO ORDERED**.

                                              /s/ *Michael R. Barrett*
                                              Michael R. Barrett, Judge
                                              United States District Court